UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| JOEL SANDEL , | Civil Action No.: |
| Plaintiff, | |
| -against- | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| | **DEMAND FOR JURY TRIAL** |
| JP MORGAN CHASE & CO.& <br> MRS ASSOCIATES | |
| Defendant(s). | |

------------------------------------------------------------------X

Plaintiff, JOEL SANDEL ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendant(s), JP MORGAN CHASE & CO & MRS ASSOCIATES (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant JP MORGAN CHASE & CO.'s tortuous acts and injuries pursuant to violation(s) of New York State General Business Law § 349 Deceptive Acts and Practices.

2. Plaintiff also brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

3. Plaintiff JOEL SANDEL is a resident of the State of NEW YORK, residing at 2 MEZABISH PL, UNIT 202, MONROE, NY 10950.

4. Defendant JP MORGAN CHASE & CO. is a NEW YORK company engaged in the business of banking with corporate headquarters located at 270 PARK AVENUE NEW YORK, NY 10017.

5. Defendant MRS ASSOCIATES is a NEW JERSEY company engaged in the business of debt collecting with an address at 1930 OLNEY AVENUE, CHERRY HILL, NJ 08003.

6. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

7. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

10. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers in the State of New York, along with their successors-in-interest, who have received similar debt collection

notices and/or letters/communications from Defendants which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class are Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

11. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

12. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

13. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

14. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendants violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendants' conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or

injunctive relief.

15. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

16. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

17. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

18. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

19. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

20. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

21. Absent a class action, the Class members will continue to suffer losses borne from Defendants' breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants' conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

22. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole

## FACTUAL ALLEGATIONS

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. Upon information and belief, Defendants, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

25. Upon information and belief, and better known to the Defendants, the Defendants began their collection efforts and campaign of communications with the Plaintiff by sending him collection letters.

26. The Plaintiff received a collection letter dated October 4, 2017 for account number xx8080. The letter informed that he owed $19,605.63, originally to Chase Bank USA N.A.

27. The letter went on to state "We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation. We are presenting three options to resolve your balance."

28. However, towards the bottom of the letter it then states "If we settle this debt with you for less than the full outstanding balance, Chase may offer you less than favorable terms in the future for some Chase products or services or may deny you application."

29. A copy of the October 4, 2017 collection letter is attached hereto as exhibit "A".

30. Shortly afterwards the Plaintiff received several other letters for the same account.

31. Since Chase is not directly pursuing this account and is depending on their agent (MRS) to do so they are vicariously liable for any infractions made in the attempt to collect on this debt.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. 15 USC §1692 e-preface states that a debt collector may not use false, deceptive or misleading representation or means in connection with the collection of any debt.

34. Defendants violated 15 USC §1692 e-preface when they sent out a collection letters and deceptively stated that if the Plaintiff chose to take the settlement offers and pay his debt for less than the full amount owed then he would possibly be in poor standing with the original creditor and have less favorable dealings with them in the future. Either Chase has a policy or providing less favorable terms for those who pay less than the full balance or they have a policy of providing the same favorable terms as those who are not in debt to them. Either way it is a misleading statement.

35. The threat of receiving less favorable terms is unfair, deceptive and misleading, as it is ambiguous and confusing, and forces the consumer to fear not paying the full amount to receive as implied…favorable terms. However, the letter again confuses and misleads the consumer to believe if he pays he will definitely receive favorable terms. Nowhere in the

letters is it spelled out that paying the full balance will result in favorable terms.

36. 15 USC §1692 f-preface states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

37. Defendants violated 15 USC §1692 f-preface when they sent out a collection letters that unfairly and deceptively stated that if the Plaintiff chose to take the settlement offer and pay his debt for less than the full amount owed then he would possibly be in poor standing with the original creditor and have less favorable dealings with them in the future, but not necessarily so.

38. The threat of receiving less favorable terms is ambiguous and confusing and forces the consumer to fear not paying the full amount to receive as implied…favorable terms. However, the letter again is unfair, confuses and misleads the consumer to believe if he pays he will definitely receive favorable terms. Nowhere in the letters is it spelled out that paying the full balance will result in favorable terms.

## SECOND CAUSE OF ACTION against DEFENDANT

### *(Violations of NY General Business Law § 349)*

### Deceptive Trade Practices

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "38" herein with the same force and effect as if the same were set forth at length herein.

40. Plaintiff is a consumer as that term is defined in New York, General Business Law section 349 (NY GBL Sec. 349).

41. The described acts and practices involved "trade or commerce" as such terms

are described in NY GBL Sec. 349, "a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

42. An unfair or deceptive practice in the conduct of any trade or commerce is unlawful pursuant to NY GBL Sec. 349.

43. Defendant JP Morgan Chase & CO violated NY GBL Sec. 349 when it unfairly and deceptively stated in their letters that if the Plaintiff chose to take the settlement offer and pay his debt for less than the full amount owed then he would possibly be in poor standing with the Defendant and have less favorable dealings with them in the future.

44. The threat of receiving less favorable terms is ambiguous and confusing and forces the consumer to fear not paying the full amount to receive as implied…favorable terms. However, the letters again are unfair because they confuse and mislead the consumer to believe that if he pays he will definitely receive favorable terms. Nowhere in the letters is it spelled out that paying the full balance will result in favorable terms.

## DEMAND FOR TRIAL BY JURY

45. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

    A. For actual damages provided and pursuant to 15 USC §1692k (a) (1);

    B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
October 3, 2018

Respectfully submitted,

By: _____
Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone: (914)473-6783

*Attorney for the Plaintiff* JOEL SANDEL

To:  JP MORGAN CHASE & CO '
270 PARK AVENUE
NEW YORK, NY 10017

MRS ASSOCIATES
1930 OLNEY AVENUE
CHERRY HILL, NJ 08003

*(Via Prescribed Service)*

Clerk,
United States District Court, Southern District of New York

*(For Filing Purposes)*



Send Payment/Correspondence to:
MRS Associates
1930 OLNEY AVE.
CHERRY HILL, NJ 08003
888-902-9643

Office Hours :
Monday - Thursday  9am - 9pm ET
Friday                        9am - 5pm ET

CREDITOR: CHASE BANK USA N.A.
MRS ACCT#: LU4.**3287060**
CREDITOR ACCT#: xxxxxxxxxxxx8080
**ACCOUNT BALANCE : $19,605.63**

October 4, 2017

Dear JOEL SANDEL,

We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation. We are presenting three options to resolve your balance. We are not obligated to renew this offer.

Option 1: A monthly payment plan on the full balance of the account.

Option 2: You pay $9,018.60 in ONE PAYMENT to be received in this office on or before 10/19/2017.

Option 3: You make TWO PAYMENTS of $5,979.72 each. The first payment to be received in this office on or before 10/19/2017 and the second payment on or before 11/20/2017.

Payment may be made by calling 888-902-9643, mailing to the above address or by using our online payment website at https://mrspay.webview.com (internet connection required).

When you call please let our representative know that you have received the CHASE BANK USA N.A. Option Letter.

Sincerely,
MRS Associates
888-902-9643
MRS Associates is a trade name of MRS BPO, L.L.C.
LU4.**3287060**.9538427

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.

**NEW YORK CITY RESIDENTS:**
New York City Department of Consumer Affairs, license number 1292105, 1292103.
MRS Associates contact: Lee White - Mon - Fri 9 AM - 5 PM ET (800) 716-6429.

STL002wWP